**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KIMBERLY PEACE                                                                          PLAINTIFF

v.                                        No. 4:10CV00058 JLH

BANK OF AMERICA, N.A.                                                         DEFENDANT

## OPINION AND ORDER

On December 21, 2009, Kimberly and Lawrence Peace filed a *pro se* complaint against Bank

of America, N.A., and Dyke, Henry, Goldsholl & Winzerling, P.L.C., in the Circuit Court of Pulaski

County, Arkansas. The action was removed to this Court on January 27, 2010. The complaint

alleges five claims for relief: breach of fiduciary duty; violations of the Fair Credit Reporting Act,

15 U.S.C. §§ 1681-1681u; civil conspiracy; violations of the Truth in Lending Act, 15 U.S.C. § 1601

*et seq.*; and unjust enrichment. For the following reasons, the Court dismisses all claims except for

the claim arising under the Truth in Lending Act.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual

allegations contained in the complaint, and review[s] the complaint to determine whether its

allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d

544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955,

1964-65, 167 L. Ed. 2d 929 (2007)). All reasonable inferences from the complaint must be drawn

in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590

(8th Cir. 2004). Moreover, because the complaint was filed *pro se*, it " 'must be held to [even] less

stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94,

127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curium) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).

Nonetheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549. Where the facts presented in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## II.

Kimberly and Lawrence Peace filed a *pro se* complaint alleging five separate causes of action against the defendants. Although the complaint was filed by both Kimberly and Lawrence Peace, it was signed by only Lawrence Peace.

According to the complaint, Kimberly Peace owns a checking account with Bank of America in her name, and she is also named as a borrower on two separate home equity line of credit mortgages through Bank of America. The complaint alleges that Bank of America wrongly debited the checking account belonging to Kimberly Peace on or about April 14, 2009, for $1,476.31. When the plaintiffs contacted Bank of America to ask about the debit, they were told that the debit "was for a set off to another account." (Compl. ¶ 7.) The plaintiffs were not provided with any

documentation to indicate that a set off was in order. In fact, the plaintiffs allege that the other account that the Bank of America representative referred to over the telephone did not even belong to the plaintiffs.

The complaint also alleges that, on or about May 2009, the plaintiffs learned that Bank of America had increased the minimum monthly payments on the plaintiffs' home equity line of credit mortgage loans.[1] According to the plaintiffs, these increases occurred without prior notification or disclosure and at a time when Kimberly Peace was not in default on the loans. The plaintiffs contend that Bank of America failed to respond to their written requests and phone calls in which they sought an explanation for the increase in payments.

### III.

On February 3, 2010, the defendants filed a joint motion to dismiss the complaint, alleging that the complaint failed to properly initiate a civil action since it is signed by only Lawrence Peace, who is not a real party in interest, and that the complaint otherwise fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The plaintiffs thereafter filed a motion to voluntarily dismiss plaintiff Lawrence Peace and defendant Dyke, Henry, Goldsholl & Winzerling, P.L.C., and the Court granted the motion. Then, in response to the motion to dismiss, plaintiff Kimberly Peace conceded that three of the claims against Bank of America should be readily

---

[1] In one part of the complaint, the complaint alleges that "Bank of America increased their home equity lines" from "291 per month to 738 per month" for one loan and from "758 per month to 1536 a month" for another. (Compl. ¶¶ 9-11.) Further on in the complaint, the plaintiffs contend that Bank of America increased the monthly payments they were required to pay on the loans. (*Id.* ¶¶ 15, 32, 36, 52.) Thus, it appears from the complaint that the plaintiffs allege that Bank of America increased their monthly loan payments, not their line of credit.

dismissed: the breach of fiduciary duty claim,[2] the Fair Credit Reporting Act claim, and the conspiracy claim. At issue is whether Kimberly Peace has asserted a valid claim for relief on either of the remaining causes of action—the Truth in Lending Act or the doctrine of unjust enrichment—and, if so, whether this action against Bank of America can continue even though Kimberly Peace did not sign the complaint.

**A.    VALIDITY OF THE CLAIMS ALLEGED**

**1.    The Truth in Lending Act**

Bank of America alleges that the plaintiff's claim arising under the Truth in Lending Act should be dismissed because the portion of the regulation enacted pursuant to the Truth in Lending Act and referenced in the complaint, "deals with disclosures that must be made by a creditor to a consumer with respect to open-end credit plans secured by the consumer's dwelling *at the time* the consumer applies for credit." (Def.'s Br. 6-7) (emphasis in original); *see* Regulation Z, 12 C.F.R. § 226.5b(b) (2007) ("The disclosures . . . required by paragraphs (d) and (e) of this section shall be provided at the time an application is provided to the consumer."). The regulation does not require disclosures, Bank of America argues, after credit has been extended. (Def.'s Br. 7.)

The plaintiff responds by citing to section 226.5b(f)(3) of the regulation, which states that a creditor may not, by contract or otherwise:

Change any term, except that a creditor may:

(i) Provide in the initial agreement that it may prohibit additional extensions of credit or reduce the credit limit during any period in which the maximum annual percentage rate is reached. A creditor also may provide in the initial agreement that specified

_____

[2]The plaintiff actually alleges that the breach of fiduciary duty claim should have been a breach of contract claim. However, no breach of contract claim was alleged in the complaint, and it cannot be alleged for the first time here in a response to a motion to dismiss.

changes will occur if a specified event takes place (for example, that the annual percentage rate will increase a specified amount if the consumer leaves the creditor's employment).

(ii) Change the index and margin used under the plan if the original index is no longer available, the new index has an historical movement substantially similar to that of the original index, and the new index and margin would have resulted in an annual percentage rate substantially similar to the rate in effect at the time the original index became unavailable.

(iii) Make a specified change if the consumer specifically agrees to it in writing at that time.

(iv) Make a change that will unequivocally benefit the consumer throughout the remainder of the plan.

(v) Make an insignificant change to terms.

(vi) Prohibit additional extensions of credit or reduce the credit limit applicable to an agreement . . . .

12 C.F.R. § 226.5b(f)(3).  Furthermore, section 226.9(c) of the regulation governs disclosures of changes in terms: "[W]henever any term required to be disclosed . . . is changed or the required minimum periodic payment is increased, the creditor shall mail or deliver written notice of the change to each consumer who may be affected."  12 C.F.R. § 226.9(c)(1)(i).  An explanation of how the minimum payment period is determined is a term of the agreement that must be disclosed.  12 C.F.R. § 226.6(a)(3)(ii) (referring to the payment terms described in section 226.5b(d)(5)(ii)).  In other words, a creditor must not unilaterally change the method for determining a borrower's minimum periodic payment, and if the minimum periodic payment is increased, the borrower is entitled to receive notice.

The complaint alleges that in 2009, Bank of America "increased the payments" on the plaintiff's home equity line of credit mortgage loans; that the "sudden increases . . . purposely put

the Plaintiff[ ] in default in Bank of Americas [sic] electronic system;" that the fees "added to those accounts increased the accounts tremendously;" and that "Bank of America [ ] never notified the Plaintiff[ ] of the change in terms" and "increased the payments without disclosure." (Compl. ¶¶ 13, 15, 17, 48.) In other words, the complaint alleges that Bank of America violated section 226.5b(f)(3) of the regulation by increasing the minimum periodic payments without disclosing to the plaintiff the reason for the increase. The defendant does not deny any of those allegations in its reply.[3] Thus, viewing the allegations of the complaint in the light most favorable to the plaintiff, the Court finds that the complaint alleges a valid cause of action pursuant to the Truth in Lending Act.

## 2. Unjust Enrichment

Bank of America also contends that the plaintiff's unjust enrichment claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint alleges that Bank of America was unjustly enriched when it increased the minimum periodic payments for the plaintiff's home equity line of credit mortgage loans. (Compl. ¶ 51.)[4] Under Arkansas law, the doctrine of unjust enrichment has no application when an express, written contract exists. *Adkinson v. Kilgore*, 62 Ark. App. 247, 254-55, 970 S.W.2d 327, 331 (1998); *see also Coleman's Serv. Ctr., Inc. v. F.D.I.C.*, 55 Ark. App. 275, 299, 935 S.W.2d 289, 302 (1996); *Moeller v. Theis Realty, Inc.*, 13 Ark. App. 266, 268-69, 683 S.W.2d 239, 240 (1985). In other words, the existence of an actual contract bars recovery in quasi-contract for unjust enrichment. *Servewell Plumbing, LLC v. Summit*

_____

[3]In its reply, Bank of America fails to address the plaintiff's Truth in Lending Act claim at all. Rather, Bank of America wrongly contends that the only claim the plaintiff does not agree to dismiss is one for unjust enrichment. (Def.'s Reply Br. 2.)

[4]The complaint does not allege an unjust enrichment claim with regard to the plaintiff's allegation that Bank of America wrongly debited her checking account.

*Contractors, Inc.*, 362 Ark. 598, 612, 210 S.W.3d 101, 112 (2005).  In response to the motion to

dismiss, the plaintiff concedes that she entered into an express, written contract with Bank of

America when she mortgaged her properties.  (*See* Pl.'s Response 2-3) ("The Plaintiff admits, that

she does not have a fiduciary duty with the defendant.  She has a binding cont[r]act.").  Thus,

because a remedy is available in contract, the plaintiff's unjust enrichment claim must be dismissed

pursuant to Rule 12(b)(6).

**B.**     **FAILURE TO SIGN THE COMPLAINT**

Although the plaintiff has stated a valid claim for relief pursuant to the Truth in Lending Act,

she did not sign her name to the complaint, and Bank of America contends that the complaint must

be stricken as a result.

According to the Federal Rules of Civil Procedure:

> Every pleading, written motion, and other paper must be signed by at least one
> attorney of record in the attorney's name—or *by a party personally if the party is
> unrepresented*.  The paper must state the signer's address, e-mail address, and
> telephone number. . . .  The court must strike an unsigned paper unless the omission
> is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).  Because the plaintiff in this case is representing herself *pro*

*se*, the Court will order the Clerk to send the plaintiff a copy of the complaint so that she may sign

it and return it to the Court within thirty (30) days.[5]  Alternatively, the plaintiff may file an amended

complaint instead of signing the original complaint.  If the plaintiff files an amended complaint, she

is warned that the amended complaint will take the place of the original complaint and will be the

only complaint that this Court reviews. *See Clay v. Purkett*, No. 4:06-CV-1859 CAS, 2007 WL

---

[5]"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94, 127 S. Ct. at
2200.

107758, at *1 (E.D. Mo. Jan. 9, 2007) (adopting a similar approach in a case involving a *pro se* litigant).

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's motion to dismiss the plaintiff's claims for breach of fiduciary duty, violations of the Fair Credit Reporting Act, civil conspiracy, and unjust enrichment. The Court denies the motion to dismiss the plaintiff's Truth in Lending Act claim. The Court instructs the plaintiff to sign and return a copy of the original complaint or sign and file an amended complaint within thirty (30) days of this order. If the plaintiff does not, the complaint will be stricken.

IT IS SO ORDERED this 17th day of March, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE